JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

SARINA DABNEY

**DEFENDANTS**

THOMAS JEFFERSON UNIVERSITY HOSPITAL

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mary Kramer; Murphy Law Group, LLC; 1628 John F. Kennedy Blvd., Ste. 2000; 267-273-1054

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☒ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq. and 29 U.S.C. § 2601, et seq.

Brief description of cause:
ADA discrimination and retaliation and FMLA retaliation

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**      *(See instructions):*

JUDGE

DOCKET NUMBER

DATE
Jan 3, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____2204 Yelland Street, Philadelphia, PA 19140_____

Address of Defendant: _____111 S 11th Street, Philadelphia, PA 19107_____

Place of Accident, Incident or Transaction: _____111 S 11th Street, Philadelphia, PA 19107_____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | Yes | No |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | ☐ | ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | ☐ | ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/03/2023          Mary Kramer
*Must si...*
Digitally signed by Mary Kramer
DN: CN = Mary Kramer email = mkramer@phillyemploymentlawyer.com C = US O = Murphy Law Group, LLC
Date: 2023.01.03 15:30:22 -05'00'

324078

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     Federal Question Cases:**

| | |
|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts |
| ☐ 2. | FELA |
| ☐ 3. | Jones Act-Personal Injury |
| ☐ 4. | Antitrust |
| ☐ 5. | Patent |
| ☐ 6. | Labor-Management Relations |
| ☑ 7. | Civil Rights |
| ☐ 8. | Habeas Corpus |
| ☐ 9. | Securities Act(s) Cases |
| ☐ 10. | Social Security Review Cases |
| ☐ 11. | All other Federal Question Cases *(Please specify):* _____ |

**B.     Diversity Jurisdiction Cases:**

| | |
|---|---|
| ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Assault, Defamation |
| ☐ 4. | Marine Personal Injury |
| ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☐ 7. | Products Liability |
| ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | All other Diversity Cases *(Please specify):* _____ |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Mary Kramer_____, counsel of record *or* pro se plaintiff, do hereby certify:

☑     Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐     Relief other than monetary damages is sought.

DATE: 01/03/2023          Mary Kramer
*Sign here...*
Digitally signed by Mary Kramer
DN: CN = Mary Kramer email = mkramer@phillyemploymentlawyer.com C = US O = Murphy Law Group, LLC
Date: 2023.01.03 15:30:39 -05'00'

324078

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
--------------------------------------------------------------
SARINA DABNEY                        :
2204 Yelland Street                  :      CIVIL ACTION NO.:_____
Philadelphia, PA 19140               :
                      Plaintiff,     :
                                     :
          v.                         :      JURY TRIAL DEMANDED
                                     :
THOMAS JEFFERSON UNIVERSITY          :
HOSPITAL                             :
111 S 11th Street                    :
Philadelphia, PA 19107               :
                      Defendant.     :
--------------------------------------------------------------
```

## COMPLAINT – CIVIL ACTION

Plaintiff, Sarina Dabney ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Thomas Jefferson University Hospital ("Defendant"), alleges as follows:

## INTRODUCTION

1.      Plaintiff initiates this action contending Defendant violated Plaintiff's rights protected by the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., by terminating Plaintiff because of her disabilities, her past record of impairment, because Defendant regarded Plaintiff as being disabled, and in retaliation for requesting a reasonable accommodation in connection thereto, in violation of the ADA.[1]

2.      Plaintiff further brings this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., for unlawfully terminating Plaintiff's

---

[1] Plaintiff intends to amend her Complaint to include a claim under the Philadelphia Fair Practices Ordinance (The "PFPO"), Phila. Code §§ 9-1101, et seq., once her claims have been administratively exhausted with the Philadelphia Commission on Human Relations, which will occur in July 2023. Plaintiff's claims under the PFPO would mirror Plaintiff's ADA claims discussed herein.

employment in retaliation for her attempt to exercise her right to protected medical leave under the FMLA.

## PARTIES

3.      Plaintiff Sarina Dabney is a citizen of the United States and Pennsylvania and currently maintains a residence at 2204 Yelland Street, Philadelphia, PA 19140.

4.      Defendant Thomas Jefferson University Hospital is a nonprofit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered office address and principal place of business located at 111 S 11th Street, Philadelphia, PA 19107.

## JURISDICTION AND VENUE

5.      Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6.      On or about July 28, 2022, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Philadelphia Commission on Human Relations ("PCHR"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2022-05849.  Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

7.      By correspondence dated November 14, 2022, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

8.      Plaintiff filed the instant action within the statutory time frame applicable to her claims.

9.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10.     This action is authorized and initiated pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* and the Family and Medical Leave Act ("FMLA"), et seq.

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL ALLEGATIONS

13.     Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14.     Plaintiff began her employment with Defendant on or about March 15, 2018, as a Medical Assistant.

15.     Throughout her time with Defendant, Plaintiff performed her job well, receiving occasional praise, and no justifiable discipline.

16.     By way of background, in or around 2019, Plaintiff went out on disability for Idiopathic Sleep Disorder and Post Traumatic Stress Disorder ("PTSD").

17.     As a result of her Idiopathic Sleep Disorder, Plaintiff was dealing with seizure-like symptoms due to exhaustion.

18.     Notably, Plaintiff's PTSD and Idiopathic Sleep Disorder constitute disabilities within the meaning of the ADA and FMLA in that they substantially impair one or major life activities.

19.     Plaintiff's aforementioned disability leave lasted six (6) months until she was able to get a better grasp on her disabilities.

20.     Although Plaintiff's FMLA was exhausted in or around 2019, it renewed every year, and Defendant's 3rd party benefits coordinator, Lincoln Financial, approved nine (9) days of FMLA per month.

21.     On or about May 10, 2021, Plaintiff received a letter detailing an investigation into one of her supervisor's actions.

22.     Moreover, it had been brought to Plaintiff's attention that her supervisor had been openly discussing Plaintiff's health issues with her coworkers.

23.     Specifically, Plaintiff's supervisor shared protected health information about Plaintiff's sleep disorder with her coworkers, thereby subjecting Plaintiff to ridicule.

24.     Shortly after the investigation was completed, Plaintiff's supervisor was terminated from employment with Defendant.

25.     Soon after, Kareemah Last Name Unknown ("Kareemah LNU"), took over Defendant's supervisor position.

26.     Almost immediately, Kareemah LNU began questioning Plaintiff's FMLA leave.

27.     Furthermore, Kareemah LNU began asking Plaintiff invasive questions, like how long was she going to have her FMLA leave, how often she intended to use it, and if she really needed it.

28.     Plaintiff's coworkers shortly followed, particularly because they had their own questions after looking at Plaintiff's medical documents that her previous supervisor had shared with them.

29.     Subsequently, Plaintiff reported the harassment to Defendant's Human Resources department.

30.     Rather than investigate the aforementioned employees who were asking questions regarding Plaintiff's medical documents, Human Resources asked Plaintiff for the names of the coworkers that informed Plaintiff that her personal information was being discussed while she was on leave.

31.     Ultimately, nothing resulted from this investigation, and, upon information and belief, an investigation may not have occurred.

32.     In addition to her aforementioned comments, Kareemah LNU began writing Plaintiff up any time she was late.

33.     By way of example, Plaintiff's first write up occurred in or around early November 2021, when Plaintiff showed up one (1) minute late due to her sleep disorder.

34.     The write ups continued until on or about November 11, 2021, when Plaintiff took a medical leave of absence for her health.

35.     Plaintiff returned to work in or around January 2022, and was approved for intermittent FMLA shortly thereafter.

36.     Specifically, Plaintiff's FMLA was approved from on or about March 21, 2022, through on or about October 1, 2022.

37.     As such, any time Plaintiff called out, her supervisors and Defendant's Human Resources would be immediately notified.

38.     The aforementioned approval allowed Plaintiff to use her FMLA time as needed.

39.     On or about April 25, 2022, following her shift, Plaintiff fell asleep and crashed her vehicle while driving home due to her sleep disorder.

40.     As a result thereof, Plaintiff suffered a concussion, and called out of work for the following three (3) days.

41.     Upon her return to work, on or about May 2, 2022, Kareemah LNU informed Plaintiff that she had been written up for calling out.

42.     In response, Plaintiff assured Kareemah LNU that she had provided Defendant with all necessary doctor's notes, but Kareemah LNU insisted she had to be "held accountable" despite being in a car accident.

43.     It is worth mentioning that Kareemah LNU had this conversation with Plaintiff in front of another nurse and/or coworker.

44.     After filing a grievance with Defendant's Human Resources, Plaintiff was informed that being written up for using FMLA leave was not a normal policy within Defendant.

45.     Furthermore, one of Defendant's Human Resources representatives suggested that Plaintiff request an ADA accommodation.

46.     Immediately thereafter, Plaintiff provided all of the required documents to her doctor, and was given fifteen (15) days to return the completed paperwork.

47.     On or about May 6, 2022, Plaintiff received an email from Kareemah LNU about her attendance.

48.     While Kareemah LNU acknowledged that she previously told Plaintiff that her lates and absences would be covered under her FMLA, Kareemah LNU stated that Defendant's Human Resources suggested they stay in her file.

49.     In other words, despite Kareemah LNU having been apprised of Plaintiff's recent request for accommodation, she advised Plaintiff that her write ups were going to stay in her file following the aforementioned car accident.

50.     After reading this email from Kareemah LNU, Plaintiff became very upset.

51.     Thereafter, Plaintiff emailed Defendant's Human Resources, advising that she was feeling harassed by Kareemah LNU and that she felt suicidal.

52.     Following Plaintiff's complaint to Defendant's Human Resources, Kareemah LNU tried to intervene, asking Plaintiff to come into her office so they could discuss her email.

53.     Understandably, Plaintiff refused to go into Kareemah LNU's office.

54.     Despite Plaintiff's refusal, Kareemah LNU insisted Plaintiff come into her office, grabbing Plaintiff by the shirt and trying to pull her in.

55.     Plaintiff continued to refuse to meet with Kareemah LNU in her office.

56.     Due to Plaintiff's refusal to meet with Kareemah LNU, the police were eventually called and Plaintiff was told to seek professional help due to what they interpreted to be a mental breakdown, that of which was directly caused by the mistreatment Plaintiff was subjected to by Kareemah LNU.

57.     Subsequently, Plaintiff admitted herself into a hospital, and while there, Defendant's Human Resources department responded to her email and said they would do an investigation into Kareemah LNU's recent conduct and that she should not return to Defendant until the investigation was over.

58.     As such, Plaintiff was suspended without pay during the investigation, and was encouraged by Defendant's Human Resources department to apply for short-term-disability.

59.     Then, on or about May 18, 2022, Plaintiff was abruptly terminated from employment with Defendant.

60.     The letter Plaintiff received from Defendant stated the investigation had been closed and she was being terminated for causing a "disruption."

61.     Notably, prior to this letter, Defendant had never mentioned Plaintiff demonstrating any behavioral issues.

62.     Moreover, the only write ups Plaintiff received were for being late because of her disabilities and for using her approved FMLA time.

63.     It becomes evident that Defendant was classifying the mental trauma Plaintiff experienced, which resulted from the aforementioned mistreatment by its employees, as a "disruption."

64.     It should be noted, mental trauma and resultant suicidal ideation are disabilities within the meaning of the ADA and FMLA in that they substantially impair one or more major life activities.

65.     As such, Defendant refused to engage in the interactive process to determine a reasonable accommodation in connection to Plaintiff's disabilities, in violation of the ADA.

66.     It is believed and therefore averred Defendant terminated Plaintiff's employment because of her actual and/or perceived disabilities, and in retaliation for her request for an accommodation in connection thereto, in violation of the ADA.

67.     It is further believed and therefore averred that Defendant terminated Plaintiff's employment because she exercised her right to protected leave to seek and/or received treatment for her serious health condition, in violation of the FMLA.

68.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION AND RETALIATION**

69.     Paragraphs 1 through 68 are hereby incorporated by reference as though the same were fully set forth at length herein.

70.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

71.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

72.     Plaintiff's PTSD and Idiopathic Sleep Disorder substantially limited her ability to engage in several major life activities for an extended period of time.

73.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

74.     Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

75.     By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining reasonable accommodations for Plaintiff, and by terminating Plaintiff's employment because of her actual and/or perceived disabilities, because Defendant regarded Plaintiff as

disabled, and/or because of Plaintiff's request for reasonable accommodations in connection to her disabilities.

76.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.     Pre-judgment interest in an appropriate amount;

E.     Such other and further relief as is just and equitable under the circumstances; and

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2601, *ET SEQ.***
**RETALIATION**

77.     Paragraphs 1 through 76 are hereby incorporated by reference as if the same were more fully set forth at length herein.

78.     Defendant employed at least fifty (50) employees within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days in the current or preceding year.

79.     Plaintiff was an eligible employee under the FMLA and was thus entitled to twelve (12) weeks of unpaid leave and/or intermittent leave to seek treatment for her serious health condition.

80.     Plaintiff provided adequate notice to Defendant of her need for medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

81.     Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for Plaintiff exercising her right to protected FMLA-leave to care for her serious health condition.

82.     The aforementioned actions of Defendant constitute retaliation under the FMLA.

83.     As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and other significant economic benefits.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

11

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Liquidated damages;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount;

E.      Such other and further relief as is just and equitable under the circumstances; and

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     */s/ Mary Kramer*_____
Mary Kramer, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone: (267) 273-1054
Fax: (215) 525-0210
mkramer@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: January 3, 2023

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.